Alfreda **DILLARD**, Jim **DuVal**, Ida **Lee**, Betty **Hogan**, Annie **Miller**, Joyce **Cetto**, Doris **Cain**, and Sammie **McGlotha**

v.

Joe Frank **HARRIS**, Georgia Department of Human Resources and Georgia Department of Transportation.

No. C86–834A.

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 30, 1987.

Kathleen L. Wilde, American Civil Liberties Union, Atlanta, Ga., for plaintiffs.

Bryndis R. Jenkins, Gordon Richard Alphonso, Office of State Atty. Gen., Atlanta, Ga., for defendants.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action is before the court on plaintiffs' motion for summary judgment. Defendants oppose the motion.

Plaintiffs brought this action seeking declaratory and injunctive relief and compensatory damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Plaintiffs allege that defendants violated the FLSA by adopting a policy of compensatory time off ("comp time") in lieu of overtime pay without an agreement with plaintiffs' representative, the Georgia State Employees Association. Defendants assert that they are in compliance with the FLSA. The material facts are not in dispute.

1. *Background*

On November 13, 1985, Congress amended the FLSA to require states and municipalities to provide overtime compensation to their employees for hours worked in excess of 40 hours in any work week. The amendments, effective April 15, 1986, established procedures by which state and local governments could, under certain circumstances, provide for comp time in lieu of overtime pay.

In February 1986, the Georgia Department of Human Resources issued a memorandum advising all state facilities under its operation of a new policy on overtime compensation. That policy, effective March 1, 1986, requires "that overtime compensation be in the form of compensatory time rather than salary unless all alternatives have been found inappropriate and there are funds budgeted and approved for the purpose of overtime pay." Memorandum from Reuben W. Lasseter, Director, Office of Personnel Administration, to All Organizational Units, at 1–2 (February 7, 1986), attached as Exhibit I to plaintiffs' motion for summary judgment.

Plaintiffs are employees of three state hospitals operated by the Georgia Department of Human Resources ("Georgia 'DHR' "): Georgia Retardation Center ("GRC"), Central State Hospital ("CSH"),

and Gracewood State School and Hospital ("GSSH"). Plaintiffs are non-exempt employees under the FLSA, which means that the 1985 amendments apply to them. Plaintiffs all are members of the Georgia State Employees Association ("GSEA"), which represents some employees at each of the three hospitals.

On April 4, 1986, GSEA sent letters to the superintendents of each of the three hospitals, demanding that pursuant to the 1985 amendments to the FLSA, the Georgia DHR enter into an agreement covering overtime compensation for GSEA members. *See* Exhibits D, E, and F to plaintiffs' motion. The letters did not result in any agreement, or apparently even any negotiations, between GSEA and the Georgia DHR.

On April 14, 1986, a petition containing the signatures of many employees at Georgia Retardation Center, including plaintiffs Dillard and DuVal, was delivered to defendants. The petition designated the GRC Organizing Committee as the employees' representative for negotiations on several matters, including overtime compensation. On that same day, petitions signed by many employees at Central State Hospital, including plaintiffs Lee, Hogan, and Miller, and by employees at Gracewood State School and Hospital, including plaintiffs Criswell, Nicholson, and White, were sent to defendants. The CSH and GSSH petitions stated that:

> [w]e, the undersigned employees,...have no agreement on overtime compensation with the State of Georgia. Current Departmental memos do not reflect any agreement between us and the department. We hereby demand time-and-a-half cash payment for all overtime worked.

The petitions did not lead to any agreement between the parties on overtime compensation.

### 2. *Discussion*

The FLSA provisions at issue here, 29 U.S.C. § 207(*o*)(1), (2), are as follows:

(*o*) Compensatory time

(1) Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.

(2) A public agency may provide compensatory time under paragraph (1) only—

(A) pursuant to—

(i) applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees; or

(ii) in the case of employees not covered by subclause (i), an agreement or understanding arrived at between the employer and employee before the performance of the work; and

(B) if the employee has not accrued compensatory time in excess of the limit applicable to the employee prescribed by paragraph (3).

In the case of employees described in clause (A)(ii) hired prior to April 15, 1986, the regular practice in effect on April 15, 1986, with respect to compensatory time off for such employees in lieu of the receipt of overtime compensation, shall constitute an agreement or understanding under such clause (A)(ii). Except as provided in the previous sentence, the provision of compensatory time off to such employees for hours worked after April 14, 1986, shall be in accordance with this subsection.

In effect, the above provisions prohibit a state or local public agency from using comp time in lieu of overtime pay unless (1) the agency and the employees' representative reach an agreement permitting the use of comp time or (2) for employees not covered by such an agreement, the agency and each employee reach an individual agreement. Plaintiffs assert that where employees have designated a representative on the issue of overtime compensation, clause

(A)(i) is the only means by which the public agency can provide comp time in lieu of cash overtime pay. The agency cannot refuse to negotiate with the representative and then, pursuant to clause (A)(ii), reach agreements with the individual employees who designated a representative to reach an agreement under clause (A)(i).

Defendants respond with a two-part argument. First, defendants assert that Georgia law prohibits them from negotiating with third parties representing public employees as to the employees' terms of employment. *See International Longshoremen's Association v. Georgia Ports Authority*, 217 Ga. 712, 124 S.E.2d 733 (1962), *cert. denied*, 370 U.S. 922, 82 S.Ct. 1561, 8 L.Ed.2d 503 (1972). Thus, defendants assert that because the Georgia DHR legally cannot and in fact did not reach an agreement with GSEA regarding comp time under clause (A)(i), plaintiffs fall under clause (A)(ii). Second, defendants contend that under (A)(ii) no individual agreements are required because (1) plaintiffs were hired prior to April 15, 1986 and (2) the Georgia DHR had a "regular practice" in effect on April 15, 1986 providing for comp time. *See* paragraph following 29 U.S.C. § 207(*o*)(2)(B).

In their reply brief, plaintiffs assert that clause (A)(ii), both by its own terms and as explained in the regulations, 29 C.F.R. § 553.23, has no application where there is an employee representative. *See Jacksonville Professional Fire Fighters Association Local 2961 v. City of Jacksonville*, 685 F.Supp. 573, 522–23 (E.D.N.C.1987). Thus, plaintiffs assert, defendants have two choices: either enter into an agreement with plaintiffs' representative (GSEA) or pay cash overtime to the represented employees.

The argument that plaintiffs make is precisely the same argument as the fire fighters association made in *Jacksonville Professional Fire Fighters*. In that case, defendant City of Jacksonville refused to negotiate with plaintiffs' representative because defendant contended that any agreement reached would be illegal under North Carolina law, N.C.Gen.Stat. § 95–98.

Plaintiffs responded that an agreement would not violate state law because plaintiffs' representative need not be a recognized, formal collective bargaining agent. *See* 29 C.F.R. § 553.23(b)(1). Alternatively, plaintiffs argued that if North Carolina law did prohibit the city from entering into an agreement with public employees, the 1985 amendments preempt inconsistent state law and require the city to enter into an agreement. Based on the regulatory provisions interpreting the 1985 amendments, the court found it unnecessary to decide whether state law prevented the city from entering into an agreement and whether the 1985 amendments preempted inconsistent state law. Instead, the court held only that an agreement pursuant to 29 U.S.C. § 207(*o*)(2)(A)(i) is the only manner in which the city could provide comp time where the fire fighters designated a representative. This court believes that the court in *Jacksonville Professional Fire Fighters* reached the correct result.

■■■ The regulations provide that where the employees have selected a representative, an agreement is required between the employer and the employees' representative as a condition for the use of comp time in lieu of overtime payment in cash. 29 C.F.R. § 553.23(a)(1). "[T]he representative need not be a formal or recognized bargaining agent *as long as the representative is designated by the employees.*" 29 C.F.R. § 553.23(b)(1) (emphasis added). Where the employees *do not have* a recognized or otherwise *designated representative*, the agreement or understanding concerning comp time must be between the public agency and the individual employee. 29 C.F.R. § 553.23(c)(1). The regulations clearly foreclose defendants' argument that because defendants cannot legally enter into an agreement with plaintiffs, the regular practice in effect on April 15, 1986 (which provides for comp time) constitutes an implied agreement between defendants and each individual employee. 29 C.F.R. § 553.23(c)(2) provides that the "regular practice" provision applies only "in the case of *employees who have no representative* and were employed prior to April 15, 1986 . . . ."

The court recognizes that the regulations interpreting a statute are not conclusive as to the meaning of the statute. However, where the meaning of the statute is ambiguous, the court should give considerable deference to the agency charged with administering the statute. *See Chemical Manufacturers Association v. Natural Resources Defense Council,* 470 U.S. 116, 117, 105 S.Ct. 1102, 1103, 84 L.Ed.2d 90 (1985). The Secretary of Labor, who issued the above regulations, is in a certain sense charged with administering the 1985 amendments. The Secretary may bring an action to enforce the overtime compensation provisions and to collect unpaid overtime compensation owing. *See* 29 U.S.C. § 216(b), (c). The court therefore concludes that the reasonable regulations adopted by the Secretary are entitled to deference insofar as they are not inconsistent with the language of the 1985 amendments.

The court notes that the principal drafters of the 1985 amendments intended the result the court reaches here. In a letter dated September 26, 1986 to the Department of Labor from the principal drafters of the 1985 amendment, the drafters state the following:

> Section 2 of the 1985 Amendments provides that state and local governments may use compensatory time in lieu of cash payment for overtime only after certain conditions are met. Among those conditions is the agreement of representatives of the employees involved where such employees have designated a representative. (See FLSA Section 7(*o*)(2)(A)(i), as added by Section 2(a) of the 1985 Amendments.) We were careful in developing the amendment to be clear that the representative need not be a formally recognized collective bargaining representative and that recognition by the employer was not required....
>
> It is the employees' designation, and not the employer's recognition or attitude toward that representative, that is

vital. FLSA Section 7(*o*)(2)(A)(i) was specifically drafted to avoid any requirement of formal recognition. During the consideration of the legislation, specific references were made to a number of states where NLRA collective bargaining style recognition does not exist; [sic] but where large numbers of fire, police, and general public employees belong to labor organizations. We intended the FLSA requirement of an agreement on compensatory time to apply in those situations.

> Finally, we understand that some employers or employer representatives may have suggested that the final paragraph following the new FLSA Section 7(*o*)(2)(B) was intended to provide that the Section (A)(i) requirement of an agreement with the employee representative is not applicable to situations where a regular compensatory time practice was in effect on April 15, 1986. As is clear from the express language of that paragraph, the rule with regard to practices in effect on April 15, 1986, applies *only* to Section (A)(ii) situations in which no representative is involved.

▮▮▮ Because plaintiffs at Georgia Retardation Center have designated a representative [1] to meet with defendants regarding overtime compensation, defendants must pay cash overtime compensation to these plaintiffs unless and until an agreement with the GRC Organizing Committee regarding comp time is reached. Plaintiffs at Central State Hospital and Gracewood State School and Hospital did not designate a representative in their petitions to defendants. The court cannot determine whether plaintiffs at CSH and GSSH intended GSEA to represent them, and therefore the court cannot now determine whether defendants can continue to pay comp time to these employees.[2]

Because plaintiffs have not adequately addressed the scope of relief in their motion for summary judgment, the court does not decide this issue. Moreover, plaintiffs

---

**1.** Plaintiffs at GRC, in their petitions to defendants, designated the GRC Organizing Committee to represent them as to the issue of overtime compensation.

**2.** The court does not address whether defendants had a "regular practice" of using comp time on April 15, 1986. *See* 29 U.S.C. § 207(*o*)(2)(A)(ii).

have not addressed the issue of whether the similarly situated employees, who are purported to be included as plaintiffs in this action, can be deemed to have given their consent to this action by virtue of signing the petitions. The court will direct the parties to file briefs addressing the issues of (1) who, if anyone, was designated to represent plaintiff employees at CSH and GSSH,[3] (2) what is the appropriate relief under 29 U.S.C. §§ 216, 217, and (3) which employees are entitled to that relief.

Accordingly, plaintiffs' motion for summary judgment is GRANTED in part as set forth in this order. Plaintiffs are DIRECTED to file a brief addressing the issues set forth in the preceding paragraph within thirty (30) days of entry of this order. Defendants shall have ten (10) days from the date plaintiffs effect service of their brief to file a brief in response.

---

**3.** If the court finds that plaintiffs at CSH and GSSH did not designate a representative on the issue of overtime, the court may be compelled to decide the issue of whether the Georgia DHR had a "regular practice" of comp time in effect on April 15, 1986.